Champion Produce v. Ruby Robinson Good morning, Your Honors. Robert Andelman on behalf of Ruby Robinson Company, Inc., the appellant, cross-appellee. I'll be reserving five minutes of my time today for rebuttal. This case, in its inception, was a breach of contract case, a breach of contract case, commercial matter, over whether or not Ruby Robinson had purchased enough onions from Champion Produce during the year 2000 season. Champion sued Ruby for $338,000. Ruby promptly made an offer of judgment pursuant to Rule 68 for $150,000. Champion declined that offer. Parties went to trial, and the jury returned a verdict of $103,000. Ruby brings this appeal here not with regard to the underlying merits, but concerning the post-verdict proceedings concerning the allocations of risk and the allocation of cost under Rule 68 in the post-trial motions. Ruby contends that the case could and should have been resolved pursuant to a relatively simple syllogism. Rule 68 provides that if a plaintiff fails to improve on an offer of judgment at trial, that all costs incurred after that offer is made, and the cases have interpreted this to mean both parties' costs, should be imposed on the plaintiff. The Rule doesn't define costs, but in the Supreme Court's decision in Merrick v. Chesney, the Court stated that you look to whether or not there is a substantive statute or other authority that provides a definition for costs. In this case, there was such a statute, Idaho Code 120.3. Therefore, at the end of the day, the magistrate judge should have awarded to Ruby all of its costs, including under the Idaho statute its reasonable attorney's fees, which were defined as costs by that statute. That syllogism serves policy functions of Rule 68. It provides clarity so that the parties understand that once a Rule 68 offer has been made, the decision whether or not to accept it allocates risks and potential costs in a fixed manner at that time. In other words, the parties don't have to wait until judgment to know who will bear the costs, other than to determine what the final judgment will be. So in other words, there will be a comparison at the end of the day of the judgment and the offer. And the offeree, the plaintiff, has to understand that if they decline the offer, then they will be responsible. And it's a Rule that has mandatory application. It provides, the syllogism provides strength to the Rule, particularly in cases like this where there has been a legislative decision to abrogate the so-called American Rule that each side bears its own attorney's fees. And what Merrick has to say in this regard is that in situations where the American Rule has been abrogated, and there are something like five dozen Federal statutes, and I don't know how many State statutes around the circuit and around the country that do so, that in those circumstances, it is appropriate to look to or to define costs as including the attorney's fees. They're defined by costs in the statute. Kennedy. If you were in Idaho State court, does Idaho have an offer of judgment Rule comparable to Rule 68, and how does it work? Idaho has an offer of judgment Rule which is comparable in its language but different than its application. Idaho courts take a different view with regard to their offer of judgment Rule than the Supreme Court takes with regard to Rule 68, specifically on this attorney fee issue. They don't accept the premise in Idaho procedure that costs can never be defined to include attorney's fees in the State procedural context. And this was one of the issues that was briefed below. And I think it creates some interesting and somewhat complicated sort of eerie issues, or maybe more like a Hannah versus Plummer issue, because I think there's no question here that Federal Rule 68 applies, and that with regard to the interpretation of that rule, Hannah requires that we look to Federal law with regard to the underlying definition of costs as including attorney's fees. I think it's appropriate to look for guidance in the Idaho court to determine that issue. I will say that we couldn't identify any case, neither the parties nor the court below, where an Idaho court ever held that a plaintiff prevailed for the purposes of obtaining attorney's fees, notwithstanding having failed to improve on an offer of judgment at trial. That may just be because the issue hasn't been presented to the Idaho courts, but we couldn't find any case law that held that way. I want to follow up. I'm willing to assume, and I think this is how you're reading the Idaho case law, that under Idaho's equivalent of the Federal Rule 68, that costs would be defined in Idaho State court to exclude attorney's fees. And so we just have a different rule in Federal court to the extent that it's applicable here. But you get your attorney's fees assuming that the plaintiff fails to improve over the offer of judgment. That's correct. But is there a problem with the Rules Enabling Act if it's interpreted that way? Because it kind of turns on its head. You know, there's a plaintiff's get an award of fees under the statute, right? In Federal court, a successful plaintiff. Under, I'm sorry, under which statute, Your Honor? Under the statute under which Champion brought its suit. Either plaintiff or defendant. The statute is symmetrical in that sense. Okay. So you could get your fees if you won under that statute. That's correct. It's not a one-sided. And I think that that actually ends up being a significant point under the Merrick analysis, because, for example, in Trident Seafoods, which was another Rule 68 case that this Court dealt with under the Clean Air Act, defendants are not entitled to their fees unless the cases are brought that are unreasonable or frivolous. It's sort of analogous to 1988 in the civil rights context. And the Court said, well, in part because of that asymmetry, you reach a different result. In other words, there isn't a general definition of costs as including attorney's  I understand that. But, I mean, still it seems a little strange that although Ruby prevails in part, you know, that we had an agreement, but it was modified or there was some waiver or whatever it is, for some reason, the full amount of the claim is not satisfied or is not gained, and Champion ends up with a part of what it claimed. Still, it's Champion in a sense. They're not a fully prevailing party, but they end up with the money from the judgment. And under the basic statute they sued under, one would think they'd have some right to some fees. And then we're saying Rule 68, is it Rule 58 or 68? Rule 68 is going to shift that around and not only impose costs on them, but fees. It seems extreme. So I just would like you to analyze the issues under the Enabling Act and whether that's any problem. Your Honor, first of all, in this case, the trial court made a factual claiming that Champion had not prevailed. In fact, it concluded that nobody prevailed in this case. And that was a decision that his ruling, and I think the parties basically agreed that that's a finding that gets reviewed for abuse of discretion. Within his discretion to find that nobody prevailed. It is true. That might resolve it, but that's also an unusual way to characterize what happened. It's unusual, but it's not at all unheard of. And it more typically will come up in civil rights actions where a plaintiff's awarded a dollar or $10, and the court concludes, well, you didn't really prevail in this case. And I think part of what informed the trial court's decision in that case, in this case, regarding who prevailed, was his own observations of the litigation as it went on. If the defendant can get its full attorney's fees in a case where the plaintiff isn't smart enough to accept their offer of judgment, what happens in the cases where small plaintiffs sue big defendants who can run up big attorney's fees and I mean, does that put those plaintiffs in a position where there's sort of a coercive effect? I mean, I understand the purpose of the cost-shifting statute or the rule, and I practiced law for decades and used it regularly defending. It's got some really good uses, but when it comes to the point of not shifting costs but shifting fees onto the plaintiff, it makes me worry about the little plaintiff suing the big companies and what's going to happen. Your Honor, I have two responses to that. One is sort of a harsh response, but the case law supports it, and that is that Rule 68 can be harsh in its application, and it's important that it be capable of being harsh in its application because that is how it works. That's what gives it strength. But I think sort of the more humanistic answer to it is you have to look at how the legislative determination that fees are included in costs, and I'm glad you brought up because it's one of the points I wanted to address. In a dissent in Merrick, Justice Brennan was concerned that a logical result of the majority's opinion in that case would be exactly what Ruby is arguing here, that plaintiffs would have to pay a defendant's attorney's fees. In fact, he says it's hard to imagine a way you avoid it given what the majority has said. His concern in Merrick was with civil rights plaintiffs who are precisely the sorts of plaintiffs who we don't want to scare out of court because they don't tend to have a lot of resources, and we want them to bring claims because they act almost as private attorney generals. You may not want to scare artists out of court who bring copyright claims or anyone bringing in — Some people don't even believe in scaring anybody out of court. We like the idea of litigation. Everyone should have their day in court, I believe. But I do think that when the legislative — legislature makes that determination in this — in the case of the Civil Rights Act, and this is where I was going with Merrick, that issue that Justice Brennan fixed on was resolved by the First Circuit in a case called Crossman, which we cite in a footnote in our brief. And in Crossman, the Court really emphasizes that point. They talk about Christian Bergarment, which construes the Civil Rights Act and says we don't want to — we have to not allow fees to be imposed on plaintiffs absent a completely frivolous claim. And Crossman says, given the policy considerations at issue and the asymmetry between the way the legislature treats plaintiffs and defendants, in this instance we think it's inappropriate to impose fees. In a situation under the Copyright Act — Inappropriate to what fees? To impose fees as costs because of the legislative determination that they should be treated differently. In this Idaho statute, the legislature determined not to treat them differently. And also the Idaho legislature — legislate — Idaho statute applies only in commercial cases where you have parties who are basically at arm's length, who are dealing with each other in business transactions. There is, in fairness, one case which adopts this Crossman view and applies it in a copyright case. And I have complete respect for the Seventh Circuit because that's where I practice, but I disagree respectfully with them in this one instance. In Harbor Motor, the Seventh Circuit did say — they recognized what they viewed to be a split in the circuits, and which I have to say is a split in the circuits. The Eleventh Circuit in Jordan v. Time, Copyright Act case, comes out exactly the way Ruby suggests the Court should come out in this case. That's the Jordan — Jordan v. Time. Okay. The First — the Seventh Circuit says, well, that's in conflict with the First Circuit's approach in Crossman, and we like Crossman better. And I think the problem with Harbor Motors is it didn't take into account that in a civil rights context, it's inappropriate to apply the rule with that sort of vigor. And there's been a subsequent Seventh Circuit case after the briefing closed called Payne v. Milwaukee County, which also takes up this issue, notes the split in the circuits on it, and comes down on the Crossman side, but that is another civil rights act case. And it actually — it's a very well-drafted opinion by Judge Diane Wood in our case on how the policy issues drive the decision. Here, those policy decisions are absent because the — because this is a statute that treats the parties equally. I actually think if you incorporate this prevailing party notion into the definition of costs, you end up in a circumstance where defendants are almost worse off, where the legislature has abrogated the American rule, than in other cases. I'm going to ask you this. If there had not been an offer in this case, and you were just trying to decide who was the prevailing party, and they'd gotten the verdict they got, how would you know who the prevailing party was? In that instance, because you wouldn't have had the bright-line test that Rule 68 lays down, we would have had the very litigation we ended up having on the motion to amend the judgment. And I believe it would have probably come out the way that it did, where the Court ruled that no one, in essence, prevailed. Or maybe — perhaps I'm sorry, Your Honor, because you're saying there was no offer. Yeah. Had there been no offer of judgment, they would have prevailed because they were given relief. I want to address one last — They would have prevailed in the sense that they would have been deemed the prevailing party, and in fact — I think had there been no offer of judgment — I mean, I think that that's the likely result. But the offer of judgment has meaning, and it really does fundamentally change the analysis. It can turn the prevailing party into the non-prevailing party, into the losing party. Well, I think, yeah, in a sense it does. But, you know, I want to make one last — But aren't you going to get, then, a situation where your prevailing party, up to the time the offer of judgment is made, and then post-offer of judgment, because of Rule 68 — Well, I think it had — that's true. And had the Court determined that they were the prevailing party otherwise — maybe this answers your question the other way, Judge Reinhart. That's why I'm questioning you. This issue was before the Court, because our offer did include pre-offer fees. And so the Court did have to make a determination, absent the offer of judgment, did they prevail? And he exercised his discretion to determine that they did not prevail. I want to make just one quick last point, and that has to do with Idaho law. If the Court was going to adopt the concept of prevailing party from the Idaho statute, I think it would have behooped it to take into account how Idaho courts conduct the prevailing party analysis. And in the Idaho Supreme Court's decision in Levitt, the Idaho Supreme Court, under a heading, prevailing party for purposes of awarding costs under a Rule 68 offer of judgment, makes that determination entirely based on a comparison of the judgment and the offer of judgment, which is different than how Idaho normally conducts a prevailing party analysis. And in that case, the Court actually sees it twice, because the trial court did it one way, compared the judgment and the offer, and then the appellate court, the Supreme Court there, said that it was going to adjust the offer down to account for pre-litigation costs that had been paid, and said because of that, as a matter of law, the trial court needed to be reversed, because now comparing the judgment and the offer came out differently. And the trial court in this case just didn't address those issues, although we had briefed it. I think if he had, he would have realized that under the Idaho concept of prevailing party, in the context of a Rule 68 offer, Ruby should have been awarded its taxable – its attorney's fees taxable as costs. Let me ask you the following. It's a follow-up on Judge Gould's Rules Enabling Act question. As you know, the Rules Enabling Act provides that a Federal rule is valid only to the substantive right. Now, the impact of Rule 68 in a case like this, or a Civil Rights Act case, can be pretty substantial. Are you saying that that does not enlarge or bridge or modify a substantive right? It does so no more than in Merrick. In Merrick, there wasn't an issue about the defendant getting its costs or fees paid for. The issue was were the plaintiff's fees cut off. And this rule of decision abridged the plaintiff's right to obtain fees in Merrick. So to the extent that Merrick is the controlling law, I think that it is consistent with the Rules Enabling Act. Yes, although I have the following question arising out of the line of cases under Rule 3. That is to say, the Supreme Court applies Rule 3 differently in terms of when a case is commenced, depending on whether it's the underlying cause of action of State law or Federal law. That is to say, are you familiar with the West v. Conrail, Walker Steel v. Arnco line of cases? I'm not, Your Honor. Okay. Well, what the Supreme Court did in those cases was, I think because of some underlying concern about the Rules Enabling Act, or maybe, Erie, without regard to the Act itself, it said if it's a State law cause of action, Rule 3 means one thing in terms of commence. It means whatever the State court will do. On the other hand, if it's a Federal law cause of action, Rule 3 means it's commenced when it's filed. Now, if I follow that line of cases and apply its basic rationale to Rule 68, Merrick remains good law, of course, but Merrick is with respect to a Federal statute. Here we have a State statute, and maybe we should follow what the State would do. That's my argument. That's my question. I won't say it's my argument, but that's what I'm worried about. Well, the State, I mean, it is tricky, as I said in the beginning, I think. I think the procedural right here is a Federal one, and that is the right to make an offer and have it fix the allocation of costs and of risk. And I think that is inherently Federal. To the extent there was going to be a State component, a State substantive right impacted, I think that's where I would argue the court could apply a Leavitt-type analysis, look to Idaho case law to determine how it conducts its prevailing party analysis, but not on this issue of how Rule 68 is applied, because then I think you do have this Hannah v. Plummer problem of using State law to interpret and to limit the impact of a Federal rule of civil procedure. And I'll note on the same Rules Enabling Act issue that the case law is uniform in this circuit and Hayworth and Trident Foods and every other Rule 68 case that I've been able to locate on this point, that the defendant's costs are always going to be shifted, what I'll call ordinary costs, are always shifted under Rule 68. And that's another instance in which you could argue that a right is created through the procedural rules, but that is the uniform application of the rule. And that gets back, I think, to Judge Gould's point that it can sometimes be harsh, but the potential harshness of the rule is exactly what gives it force as a lever for settlement. Kennedy. I have another question. And just, I realize the red light's on, but I hope Judge Reinhart won't mind if I inquire and let you answer. Is it a Rules Enabling Act problem if the existence of the rule changes who is a prevailing party, which has other significance? Because you've indicated that in your, and I don't know if that's what you would say in a supplemental brief if you were to do one or if that's kind of just in response to the questioning. But to me, to say that the champion would be the prevailing party getting, let's say, $100,000 out of its 140 claim, I forget the exact number, to say they would be a prevailing party absent the offer of judgment. But in light of the offer of judgment, they're not a prevailing party, and therefore they don't have a right to fees, to their fees, which they would have if there hadn't been an offer of judgment. Is that changing substantive rights in some way that creates a problem? I don't think so. I think part of the answer to that is in my modified answer to Judge Reinhart that, in this case, they were determined not to have been the prevailing party, even with regard to the pre-offer fees, so in the absence of the context of the offer of judgment. The other thing I think is important to work through is that Rule 68 doesn't change who prevailed. Rule 68 merely shifts who is entitled to costs, in the same way that Rule 54 determines who is entitled to costs. I think one of the mistakes that the magistrate judge made here was by incorporating that notion of prevailing party, which is really just prefatory language that exists in just about every fee-shifting statute, or even every cost-shifting statute. It occurs in Rule 54. So I don't think this changes who prevails. It simply changes procedurally who to whom the costs, and sometimes attorney's fees as costs, are allocated. Thank you. Thank you. Thank you, counsel. May it please the Court. My name is Terry Yost, and I represent the appellee cross-appellant champion produce. At this time I would like to reserve three minutes for my rebuttal on my cross-appeal. This case is generally about one thing. Who gets their costs and attorney fees in this case? And the magistrate made a decision that he was to analyze who was the prevailing party in this case. We will assert that he did that properly. That was a proper decision for the judge to do in this case, was to determine who was the prevailing party. The issue becomes, did he make the right decision as to who was the prevailing party in this case? This is a diversity action that was brought in state court, was removed to federal court, and is based on state law. The state statute that underlies the attorney fees in this case is Idaho Code 12-120 subsection 3. And in a diversity action in federal court, the federal court is to look to state law. And that state law analysis on this level is to be reviewed by an abuse of discretion. Whether or not the federal court, the district court, made the correct determination as to what the state statute's applicability was to be. Now, are you talking about pre-offer award of fees, or are you talking about post-offer award of fees, or are you talking about both? I'm talking about both. I'll get into the analysis of what the Rule 68 shift does. But I think right off the bat, there does have to be a determination, first and foremost, who's the prevailing party. And particularly because the statute that we were relying on, and I think that both parties are relying on, specifically requires that there be a prevailing party determination. And for there to be a prevailing party determination, there is two different situations where you have to determine. When an offer of judgment comes in, was there a prevailing party pre-offer and was there a prevailing party post-offer?  And that's where we are suggesting that he's abused his discretion. And I'll go through that analysis and explain. But you contend that you were a prevailing party because you got some money. Absolutely, Your Honor, yes. The district court properly recognized the need to make the determination. However, we would submit to this Court that he made the improper determination that Champion Protest was not the prevailing party. In this case, the appellant suggests that Rule 68 in the Federal Rules has a bright line rule that once the offer is made and rejected and the plaintiff gets an award less than the offer, then there's a bright line rule that suggests that the plaintiff who did recover judgment is all of a sudden not a prevailing party. And that's just not the case, and that's not how it is applied. When you say that's not the case, isn't it the case with respect to costs? It is with respect to costs, yes, Your Honor. Then the question is, okay, then what's within the definition of costs, whether attorney's fees are included in costs? But if it were just costs, court costs but not fees, you would concede that they're entitled to those costs post-offer? Post-offer, yes, Your Honor. Okay. But in the same sense — You can test the issue as to whether they're entitled to fees post-offer. Absolutely. And what I would also like to add to that, Your Honor, is it's also the rule, the prevailing party status doesn't disappear for the pre-offer costs. So that's important to keep that in mind. There's no bright line rule that says the prevailing party status is lost. It only says that the costs post-offer shift. That's the bright line rule. Did you hear the prevailing party within the meaning of the Federal statute that says prevailing party gets fees, but under the Rule 68, fees are included in costs by virtue of state law so that you don't get fees? Is that the kind of situation that comes within the category of violating the Rules Enabling Act? I think there is a situation where there is a violation if you take that approach to where — If you reach those conclusions. Yes. If you reach the conclusion that the — first and foremost, that the substantive statute allows attorney fees as taxed as costs. And in this case, it does not. The way that the statute reads is that the prevailing party is entitled to fees. And I think where the Rules Enabling Act comes into play, you can't look at the Federal rule. You have to look at how Idaho applies Idaho law. And in this case, Idaho has consistently held that you cannot get fees under 12-120 subparent 3 unless you are the prevailing party. And I think that if you cross the line and say simply because an offer of judgment was made pursuant to Federal rule, now the other party who did not prevail at trial who had judgment taken against them now gets fees. So I think there is an expansion and a violation of the Enabling Act, yes. In an appellant's argument that there is a bright-line rule that you lose prevailing party status, I think that the cases cited by counsel and by the appellants in their brief go directly against that. First and foremost, in the Merrick case, they still made a prevailing party determination. Simply because there was an offer of judgment made, they didn't specifically say that the plaintiff was not the prevailing party. And I think it's interesting and very important to note that they did make that analysis. And in this case, the appellant would like this court not to make the prevailing party analysis. They think that it's not even applicable here. But in reality, it has to be applicable in order for them to recover fees under the Idaho Code. The cases that were also cited that were out of jurisdiction, the First Circuit case of Crossman and the Seventh Circuit case of Harbor Motors, both specifically said that plaintiffs can still be the prevailing party. It's just a matter of what can the prevailing party get after the Rule 68 offer's been made. The – this circuit has applied the same fundamental reasonings in Hayworth v. The State of Nevada and MRO. The prevailing party analysis was still addressed. And in those cases, in particularly the Hayworth case, the determination of attorney fees was then apportioned to how much did the party prevail. The Idaho statute, again, is well settled in Idaho case law. The Idaho Code 12120.3 specifically states you must be the prevailing party to collect fees under the statute. And that is what the statute says. It does say as to be taxed as costs. However, you can't get past the fundamental prevailing party analysis to get to that point. The cases that we've cited in our brief, and also cases that the appellants have cited in their brief, particularly the case of Daisy Manufacturing Company that they have cited, specifically says that 12120.3 can only be utilized if there's a prevailing party. There is another case that we've cited in our brief in Weaver. In that case, the Court will note if read in that case, the Weaver case, there was a Rule 68 offer of judgment made, and the plaintiff was still considered the prevailing party. Now, most recently, in the prevailing party analysis, you have to determine, okay, who is the prevailing party? And in this, generally the rule in the Federal District Court in the District of Idaho, the prevailing party is the one who successfully prosecutes the action or successfully defends against it, prevails on the merits of the main issue, and on one in whose favor the decision or verdict is rendered and judgment entered. Well, in this case, Champion Produce has met all those expectations under the federal local rules. Then if you look at what Idaho would do and how Idaho characterizes what the prevailing party is, you look to Joseph CLU Insurance Association versus Vought, and there's a three-part inquiry that the Idaho courts have used to determine  In that case, the court said that the three-part inquiry was, one, that the result obtained in relation to the receipt of relief sought had to be considered, whether there were multiple claims or issues, and then third, the extent to which either party prevailed on each issue or claim. This court has adopted that language in the Joseph versus Vought case, in the Seacoast Food versus Lamar case. And that specific inquiry was made and addressed by the district court, but we would submit that the district court abused its discretion because he left out some fundamental points in what he determined to be why Champion Produce was not the prevailing party. In this case, Champion Produce sued for breach of contract, breach of contract between Champion and Ruby. In their answer, they denied there was the existence of a contract on various grounds and on various points. First and foremost, they said that the person who entered into the contract lacked the authority, didn't have agency to make a contract. They said that it violated the statute of frauds, and they had several other affirmative defenses that this contract didn't even exist. So at that point, what Champion was left to do was certainly just to litigate the matter. Several things happened through the course of that. Letters from counsel were sent, discovery was sent, depositions were taken, and ultimately a motion for summary judgment was filed on this issue as to whether or not Champion and Ruby had an enforceable contract. The judge made a decision as a matter of law that there was in fact a valid and enforceable contract and that the case was going to proceed trial on the affirmative defenses. At that point, Ruby then came in and changed its affirmative defenses. It kept the ones that it originally had, but it also added a few. It added whether or not it was commercially impractical to fulfill its terms under the contract, and also it said that Champion never tendered its onions. So all of those issues went before the jury. At the trial, the jury clearly found in favor of Champion Produce. They were asked in the special interrogatories, was there a con or they were told in a jury instruction that there was a valid and enforceable contract. They were asked whether Champion Produce complied with the terms of the contract. They said yes. Did Ruby Robinson comply with the terms of the contract? They said no. Did Ruby Robinson show that it was commercially impractical to fulfill the terms of the contract? The jury said no. They said, well, did Champion tender the onions? And they said yes. They said, did Champion cancel the contract? And they said no. So what the jury said is Champion Produce waived one portion of the contract, and that portion of the contract was the amount or the quantity amount under one term. But then the jury came back and said, but we don't think Ruby Robinson lived up to its terms, and we think Champion Produce is damaged, and we're going to give them in excess of $100,000. Well, throughout the entire course of the litigation, Ruby Robinson was complaining or claiming that they never had a contract. So in terms of who prevailed in this case, Champion Produce didn't come out with just $1 or $1,000, as suggested in some of the cases that the Rule 68 applies. They came out with $100,000, and that's pretty significant in the state of Idaho. Applying those standards to the Seacoast Foods case and also the Joseph v. Vought case, the result obtained versus the relief sought in this case is clear. Champion Produce sued for breach of contract and is elected to sue for damages. They got those damages. There were multiple claims. The only claim Champion Produce was not successful on was that they waived the contract in part, and to the extent which we prevailed at trial, we received a verdict in excess of $100,000. Now, the interplay now between Rule 68 and the judgment that we got, the appellant would like to assert that because the offer of judgment was made and $100,000 is less than $150,000, that we automatically lose our prevailing party status, and that is simply not the case. In the Tunnison v. Continental Airlines case that I cited, Rule 68 offers of judgment do not completely affect the prevailing party status, and Idaho courts have consistently said the same thing. I would like to address the Court's question on that Rule 68 in Idaho. I have the benefit of practicing there. Rule 68 in Idaho specifically excludes attorney fees. There is no cost shift for attorney fees in the State of Idaho on this Rule 68 offer of judgment. It's written into the rule, and that's consistently how Idaho courts have utilized their Rule 68 in applying the cost shift of the offer of judgment. And do you rely on Idaho's version of the Federal Rule 68 to say that it should prevail if we construe our Rule 68 differently? I wouldn't say that the rules are construed differently in the sense, Your Honor, because the Rule 68 for the Federal Court does not say excluding attorney fees in the sense that the Idaho rule does, but it's applied the same way. In Merrick, it's very clear that how the – how it's to be applied is the Rule 68 under the Federal rules only allows attorney fees to be taxed as costs if there's a substantive statute that allows it. And in this case, there's not. And so I don't think it would be applied differently. In Idaho, if there were a substantive statute that allowed attorney's fees, it would be applied differently. But Rule 68 does not have a bright-line rule in Idaho that says you automatically get your attorney fees. The Idaho courts have specifically addressed whether or not a rule offer of 68 judgment affects the prevailing party's status. And counsel cites the Levitt case for the proposition that it automatically shifts, and there is no prevailing party. That's simply not the law in Idaho. And I urge the Court to read that case. Shortly after the Levitt case came out, Polk v. Larrabee came out, and it is authored by the same justice, who clarifies, and in addition to what the issues were in Levitt, specifically the Court says, while the party's offers of settlement should have been a factor in determining which party prevailed, it is clear that it is not the only or even most significant factor to be determined or considered. So in Idaho, how they interpret the prevailing party rule offers of 68 offers of judgment don't affect the prevailing party's status on a bright-line rule. It's what happened at trial, how did everything come out, and there is – it is a factor to be determined, but it's not the only factor. But why is it a factor at all? I mean, I realize you say the Court said that. I'm just trying to understand. Why does Rule 68 offer affect who's the prevailing party? Your Honor, I would suggest that the Rule 68 is a factor because there is a policy around Rule 68 and why it is there. And it's to effectually prompt settlement, encourage settlement, and shift some risk to the other side for pursuing litigation. And in the sense that where there's an offer made of $150,000 as there was in this case and the jury verdict was $103,000, you're in a situation where you might have done better, might have done better had you taken the offer of judgment. Well, in this case, Your Honor, I would submit that that's not the case because the district court made an error in his application of Rule 68 in this case. As the Federal Court application of Rule 68 goes, it's the final judgment obtained that is weighed against the offer of judgment. And in this case, we never got the final judgment obtained. The judge would not amend the judgment to include the prejudgment interest, the pre-offer costs, and the pre-offer attorney fees. Okay. Well, what if the judge had added costs and attorney's fees, but not interest because the judge seemed to say the damages weren't liquidated? Right. In Idaho, the damages have to be either liquidated or calculatable. And so the judge did deny the interest calculation, which we also submit is incorrect. But if he would have done the attorney fees and costs, it would not have met the $150,000, but it would have come pretty close. It would have been at about 140. And I think it brings the prevailing party analysis and factors even closer together to where the rule offer of judgment would have been less a factor. It just – it should have been one of the factors the Court determined, not the factor that the Court used. I think you wanted to save a few minutes for rebuttal. Yes. You've got a few minutes. Okay. Thank you. Sorry. In this case, the – confuse me for a minute. The offer of judgment that we had was basically to include the interest, costs, and attorney fees. And that was the rule – the offer of judgment that was submitted to Champion Produce. That for – to make the determination as to what the balance should have been, we must include the interest, the costs, and attorney fees by the own language of the offer of judgment. And the Court did not do that in this case. If the Court would have done that by including the interest, the costs, and fees, we would not be in this position simply because the offer of judgment would have been less than the amount that Champion Produce would have ultimately obtained. Their final judgment would have beaten the offer of judgment, and there would have been no question about Champion Produce being entitled to their fees pursuant to 12-120-3. The – I do want to address very briefly why Ruby Robinson – would you like me to save this for rebuttal, Your Honor? Well, no, if you want. You have – you wanted to save some time. You're down to about a minute and 30 seconds. I will save a one minute for rebuttal – for my rebuttal. And actually, you know what, Your Honor? I will save it for after I hear counsel's argument on that at this time. Thank you. This is discussed in our briefs in some – in a paragraph or two, but this Polk case does not say that offers of judgment are one factor. There's actually two sections in Polk. The section that Champion has cited below and now to this Court deals with a novel argument that the plaintiff made in – or defendant made in that case that because the plaintiff recovered less than it had said it would be willing to take in settlement, that that was a factor to consider in whether it had prevailed. It did – that section of the opinion doesn't deal at all with offers of judgment. The section with regard to offers of judgment simply says plaintiffs got – I think there it was double the offer of judgment, and therefore offer of judgment was a nullity. This issue about the prevailing party, it is confusing because what Merrick says is all costs properly awardable under the substantive statute or other authority should be included as costs under Rule 68. Then the analysis that magistrate judge made was that the – that to be properly awardable, you have to determine if the statute actually would award the fees. I think that's the wrong reading of properly awardable. I think the proper reading of properly awardable is that in this type of case, this is the kind of thing, kind of cost that can be taxed. And that is actually picked up on in the appendix to Justice Brennan's dissent where he lists the various statutes. That's how he describes it. These are statutes in which attorney's fees are potentially awardable as costs. And I think potentially awardable and properly awardable in this context are effectively synonymous. The issue is how does the statute define costs? How can it be defined? The only other point I want to make quickly in rebuttal is on the Rules Enabling Act issue that the Court has raised because I've been thinking about it. It's not something I spent time thinking about before today. I think if the Court were to take seriously the notion that Rule 68 cannot create or bridge substantive rights in the sense that it can't either make someone, pay someone else's fees, or else not be entitled to fees that they would otherwise be entitled to, that the Court would in effect, for one, I think it would be inconsistent with Merrick. It would be inconsistent with this Court's jurisprudence in Trident Seafoods and in Hayworth and in other cases where costs have been imposed on plaintiffs where they otherwise wouldn't have been. And I also think that it would really fundamentally undermine the role that Rule 68 really does have. Judge Gould mentioned that he used this rule in practice. It is potentially a very significant rule in practice. But what gives it its significance isn't a fear that someone has to pay for a deposition transcript or a copy or one of the other types of costs that come under 28 U.S.C. 1920. What gives it force, and particularly in cases that abrogate the American rule, is this potential that you are going to have to pay the other side's lawyers. It doesn't exist in every case, and only exists where the legislature has determined that costs can be defined that way. And I ask the Court to interpret it in that manner, to end this split in the circuit, side with the Eleventh Circuit, and to remand this case with directions to the magistrate judge to order Champion to pay Ruby's attorney's fees taxable as costs.  Thank you, Your Honor. Very briefly, I think that it can be summed up in one case cited by counsel in their brief. The Court in Crossman specifically said, Because courts may not properly award attorney's fees to unsuccessful civil rights defendants under Section 1988, we hold that Rule 68 can never require prevailing civil rights plaintiffs to pay defendants' post-offer attorney fees. In the Idaho statute, Idaho Code 12-120, Subgrant 3, Ruby Robinson would not be entitled to their attorney fees under any circumstance in the Idaho court. Therefore, this court should not give them, and the district court did not give them, their attorney's fees. I have a question. And I should know this from the briefs, but what's the amount of the fees at stake that, if that's clear in the record, that Champion would have to pay back over to Ruby if we ruled for Ruby? Champion Produce would have to pay approximately $240,000 for three months of litigation. So it would have a judgment for $100,000, but would have to pay $240,000? Yes, Your Honor. So it would be minus $140,000, apart from any? It certainly wouldn't be the prevailing $140,000. No, Your Honor. No, Your Honor. Not even in the slightest sense. For the reasons that I've set forth, and specifically because the Idaho Code would not allow it in an Idaho court, and this is a diversity action, we'd respectfully request that the district court's decision to deny Ruby Robinson their fees be affirmed. We would also ask that the district court's decision to deny Champion Produce's attorney fees and costs, both post and pre-offer, be reversed, simply because the court did not make the proper determination of the prevailing party. What would be the fees of Champion, just order of magnitude, for the period before the offer? Before the offer, the attorney's fees were approximately $40,000, and after offer, the grand total of the litigation was $96,000. Okay. You guys work cheaper than they do. It was me, Your Honor. It was just me. So, yes. You're an Idaho lady. They just put it on your desk and you get to do it. Okay. And last but not least, I would ask that the court do remand a portion of this back to the district court for the district court to make a determination about the reasonableness of the fees and award those to Champion Produce. Thank you, Your Honors. Thank you. Thank you very much. Thank you both. The case just argued will be submitted. Very interesting. We will get to the final case in the morning. Japano v. Micron Technology.
judges: Reinhardt, W Fletcher, Gould